**Date Signed:**
**March 17, 2022**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>MITSUNORI HOSONO and NAOKA HOSONO,<br><br>Debtors. | Case No. 21-01035<br>Chapter 7<br><br>Related Dkt. No.: 22 |

## ORDER SANCTIONING DEBTORS' COUNSEL

This chapter 7 case has been plagued with difficulties from its inception due to the failure of the debtors' attorney, Craig Polanzi, to comply with the Bankruptcy Code and Rules and the local rules.

The debtors commenced this chapter 7 case on November 8, 2021, by filing a "bare petition," meaning a petition unaccompanied by schedules, the statement of financial affairs, or any of the other required documents. Although debtors may file certain schedules and statements within 14 days after the petition, rather than with the petition,[1] the debtor must file with the petition a list of the names and addresses of all

---

[1] *See* Fed. R. Bankr. P. 1007-I(c).

creditors.[2] This is an important requirement. Unless the debtor files the list of creditors with the petition, the clerk cannot notify creditors of the case filing, certain deadlines, and the meeting of creditors. Giving immediate notice is essential because (among other reasons) the automatic stay goes into effect and certain deadlines begin to run when the petition is filed.

The Clerk's Office made numerous attempts to contact Mr. Polanzi about his failure to file the list of creditors, but Mr. Polanzi did not respond.[3]

Mr. Polanzi eventually filed the missing documents, including the list of creditors and a disclosure that the debtors had paid him $2,000.00 for his services.

The debtors' petition stated that they intended to request a waiver of the $338.00 filing fee. Their schedules indicate they likely would have qualified for such a waiver. But Mr. Polanzi did not submit a fee waiver application and instead paid the filing fee. This likely cost the debtors $338.00.

Mr. Polanzi also failed to produce another crucial document. LBR 5005-4(f)(2) provides that, if the petition is filed electronically, the debtor's attorney must have in the attorney's possession a completed paper copy of the petition bearing the debtor's signature and must file a declaration in a prescribed form within 7 days after the electronic filing of the petition. The rule further requires the attorney to retain the

---

[2] LBR 1007-2.
[3] The debtors also failed to provide certificates of completion of prebankruptcy credit counseling. Mr. Polanzi cured these defects, but only after the court entered an order stating that it would dismiss the petition if they were not cured. ECF No. 6.

2

originally signed petition until one year after the date the case is closed and to produce the original if ordered to do so.[4]

This rule ensures that the debtor has authorized counsel to file a bankruptcy petition on the debtor's behalf. This protects the integrity of the bankruptcy system. It also protects counsel against a client's accusation that the filing was unauthorized.

On December 28, 2021, the court ordered Mr. Polanzi to file the required declaration.[5] In response,[6] Mr. Polanzi "sincerely apologize[d]" for his failure to file the declaration, explained that he had prepared the declarations after receipt of the court's order, and requested two weeks to obtain the debtors' signatures on the declaration. The court became concerned that, if Mr. Polanzi had not obtained his clients' signatures on the declaration before filing the petition, he may have also failed to obtain their signatures on the petition itself. The court then ordered him to "produce the paper copies of the originally signed petition . . . ."[7] He simply ignored the order to produce the signed petition. His admitted failure to obtain the clients' signatures on the declaration until after he filed the petition, and his failure to produce the signed petition, make it abundantly clear that the debtors never actually signed the petition and related documents.

---

[4] LBR 5005-4(f)(3).
[5] ECF No. 16.
[6] ECF No. 18.
[7] ECF No. 19.

Based on Mr. Polanzi's deficient performance, I ordered him "to show cause why (1) I should not impose sanctions including, but not limited to, being required to refund to the debtors his fees for services in this bankruptcy case and (2) I should not make a referral to the Office of Disciplinary Counsel." The order required him to appear at a hearing on March 7, 2022 and to file a written response at least 7 days before the hearing. Once again, Mr. Polanzi simply ignored the order: he neither filed a response nor appeared at the hearing.

Federal courts have inherent powers "which are necessary to the exercise of all others."[8] Bankruptcy courts have the inherent power to sanction vexatious conduct presented before the court.[9] Because courts' inherent powers are not subject to direct democratic controls, courts exercising them must do so with restraint and discretion.[10]

Courts can employ their inherent powers to sanction attorneys who disregard procedural rules.[11] Procedural rules "do not exist merely to serve the whimsy of [] judges. Some of the requirements . . . are essential for proper disposition of an appeal. Others . . . make our operation more efficient."[12]

---

[8] *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).
[9] *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 284 (9th Cir. 1996).
[10] *See Roadway Exp., Inc.*, 447 U.S. at 764.
[11] *See Hamblen v. County of Los Angeles*, 803 F.2d 462, 464 (9th Cir. 1986); *Toombs v. Leone*, 777 F.2d 465, 471 (9th Cir. 1985) (holding that a district court may use its inherent powers to impose sanctions of attorney's fees in response to an egregious violation of its rules).
[12] *Hamblen*, 803 F.2d at 464.

When sanctions are appropriate, the amount and type of sanctions are a discretionary determination by the court. While often sanctions are monetary, it is within the court's discretion to suspend the offending attorney's right to practice before the court or use court systems.[13]

Pursuant to 11 U.S.C. § 329, bankruptcy courts may review transactions between the debtor and an attorney that occurred within a year before the petition date. If the court determines that the compensation paid exceeds the reasonable value of the services rendered, the court may order the return of any payment to the debtor.

There is no question that Mr. Polanzi violated multiple rules. There is likewise no question that his violations were willful: the court gave him many opportunities to correct or explain his errors, but his efforts were insufficient at best.

Moreover, Mr. Polanzi's conduct is comparable in kind to the conduct of attorneys sanctioned in previous Ninth Circuit cases. For example, in *Hale v. U.S. Trustee*, the court affirmed an imposition of sanctions where the attorney "failed to provide the debtors with competent legal representation covering the normal, ordinary and fundamental aspects of the case, failed to create adequate and complete documents for filing, and failed to obtain the informed consent of his clients to the

---

[13] *See Matter of Tranakos*, 639 F.2d 492, 493 (9th Cir. 1981) ("Upon due consideration, [offending attorney] is hereby suspended indefinitely from practice before this court. After a reasonable length of time has expired, if [he] can demonstrate to this court that he is knowledgeable regarding the Federal Rules of Appellate Procedure and the rules of this court, and that he will abide by the orders of this court promptly and diligently, this court will consider lifting the suspension.").

purported limitations on representation."[14] Mr. Polanzi's conduct in this case is similar to that described in *Hale*. The rules that Mr. Polanzi violated are designed to protect the integrity of the bankruptcy system and to ensure its effective administration. Mr. Polanzi frustrated these purposes by failing to obtain his clients' written consent to file the petition and failing to submit the list of creditors so that the court could provide the required notice.

In some respects, Mr. Polanzi's conduct is less egregious than that described in the cited cases. Fortunately, Mr. Polanzi's conduct did not irreparably prejudice anyone. So far as I can tell, the failure to give timely notice of the bankruptcy case (due to Mr. Polanzi's failure timely to file a list of creditors) did not injure any creditors. The debtors have received their discharge and their case will be closed soon.[15] But these results occurred in spite of Mr. Polanzi's behavior.

In the Order to Show Cause, Mr. Polanzi was warned that the court could find that the fees he collected were unreasonable under 11 U.S.C. § 329, impose other appropriate monetary sanctions, and make a referral to the Office of Disciplinary Counsel. Mr. Polanzi ignored the order and did not provide any reason not to impose

---

[14] 509 F.3d 1139, 1144 (9th Cir. 2007).
[15] A court can impose sanctions even if there is no evidence of actual harm. *See, e.g., Hale*, 509 F.3d at 1144 (debtors found subsequent counsel to assist in the resolution of issues such that their case could proceed despite the failings of their original legal representative).

these sanctions. I conclude that the fees Mr. Polanzi collected from them are unreasonable given the serious deficiencies in the services provided.

Within fourteen days from entry of this order, Mr. Polanzi must refund to the debtors all fees he collected from them and file a declaration stating under penalty of perjury that he has done so. The refund must include the filing fee because the debtors probably would have obtained a waiver if Mr. Polanzi had submitted the application as the petition indicated he would. Given that no other party was injured by Mr. Polanzi's conduct, I will not impose further monetary sanctions.[16] However, I will suspend Mr. Polanzi's electronic filing privileges. His failure to obtain his clients' original signatures on the petition proves that he is unable or unwilling to fulfill the most important obligations of an electronic filer. I will give further consideration to the question whether a disciplinary referral is warranted.

**END OF ORDER**

---

[16] Although Ninth Circuit case law holds that the imposition of sanctions through the court's inherent powers is done to "vindicate[e] judicial authority" and the aggrieved party is the court itself, Mr. Polanzi's failure to appear at the hearing and defend his fees as reasonable allows the return of the collected amount. *See Mark Industries, Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 733 (9th Cir. 1995).

7

U.S. Bankruptcy Court - Hawaii   #21-01035   Dkt # 39   Filed   03/17/22   Page 7 of 7